IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV495 |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN GENSLER, DR., Medical | ) | MEMORANDUM AND ORDER |
| of Douglas County Jail, and | ) | |
| DOUGLAS COUNTY JAIL, Omaha, | ) | |
| and D&E, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 26, 2007, plaintiff filed his complaint (Filing No. 1) against Dr. Gensler ("Gensler"), identified by plaintiff as the "Doctor at Douglas County Jail." (Filing No. 1, p. 2.) On January 14, 2008, plaintiff filed an amended complaint adding the City of Omaha-Douglas Jail as a defendant.[1] (Filing No. 12.) Plaintiff does not specify whether Gensler is sued in his individual or official capacity. The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   INITIAL REVIEW OF COMPLAINT**

   **A.   Summary of Complaint**

Condensed and summarized, plaintiff alleges that he entered the "Douglas County Jail" on December 11, 2007 (Filing

---

[1] In accordance with the Federal Rules of Civil Procedure and the Court's Local Rules, the Court construes the amended complaint as supplemental to, rather than as superseding, the original complaint. Fed. R. Civ. Pro. 15(a); NECivR 15.1(b).

No. 1, p. 5.)  Prior to his incarceration, plaintiff was diagnosed with asthma, sleep apnea, bi polar disorder, arthritis, and diabetes.  (*Id.*)  For these disorders, plaintiff took pills "while on [the] street" and had various medical devices such as a sleep machine, neck brace, foot brace, and a back brace. (*Id.*)  However, upon his incarceration at the Douglas County Jail, plaintiff alleges that Gensler gave him "only high blood pressure" pills once per day and has not approved his other medications.  Plaintiff has failed to receive medical help for his diabetes and has not received his medical devices such as a sleep machine or medical braces (Filing No. 12).

Plaintiff repeatedly requested assistance with obtaining medical assistance but Gensler has not provided assistance and is instead "being vindictive" and making plaintiff "suffer."  (Filing No. 1, p. 4.)  For this "lack of medical treatment," plaintiff seeks damages of $20 million and to "be cut lo[o]se out of jail."  (Filing No. 1, p. 8.)

   **B.   Applicable Legal Standards on Initial Review**

The Court is required to review prisoner and *in forma pauperis* complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

Liberally construed, plaintiff asserts claims for lack of medical treatment in violation of the Eighth Amendment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care. Therefore, 'deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(citing *Estelle*, 429 U.S. at 103-104).

Plaintiff alleges that, prior to his incarceration, he was diagnosed with asthma, sleep apnea, bi polar disorder, arthritis, and diabetes (Filing No. 1, p. 5). Plaintiff took medication for these conditions and also utilized various medical

devices to alleviate these conditions. (*Id.*) However, upon his incarceration at the Douglas County Jail, plaintiff alleges that Gensler prevented plaintiff from receiving his medications and medical devices. The medical conditions described by plaintiff, if true, may be serious. Liberally construed, plaintiff has therefore set forth enough facts to nudge his claims against defendant Gensler across the line from conceivable to plausible. As a result, plaintiff's claims against Gensler may proceed. However, the Court cautions plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of plaintiff's claims or potential defenses thereto.

Plaintiff also seeks relief against the City of Omaha-Douglas Jail, which the Court liberally construes as a claim against Douglas County, Nebraska. A county may only be liable under § 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School*

*Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483(1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege any municipal policy or custom which caused his injuries. Further, although plaintiff's allegations relating to his medical conditions may be serious, plaintiff has failed to allege that any Douglas County official knew of and deliberately disregarded his needs. In light of this, plaintiff has not alleged a cognizable claim against Douglas County and plaintiff's claims against that defendant fail to state a claim upon which relief may be granted. However, on its own motion, the Court will grant plaintiff thirty(30) days in which to amend his complaint in order to clearly state a claim upon which relief can be granted against Douglas County. Any

-6-

amended complaint shall restate the allegations of plaintiff's current complaint (Filing No. 1), amended complaint (Filing No. 12), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

## II. APPOINTMENT OF COUNSEL

In his complaint, plaintiff seeks the appointment of counsel (Filing No. 1, p. 9.) However, the Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* At this time, the Court sees no need for the appointment of counsel and plaintiff's request will be denied without prejudice.

IT IS ORDERED:

1) Plaintiff shall have until **April 24, 2008,** to amend his complaint to clearly state a claim upon which relief can be granted against defendant Douglas County. In the absence of plaintiff's filing an amended complaint in accordance with this Memorandum and Order, this case will proceed only against defendant Gensler.

2) In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), amended complaint (Filing No. 12), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

3) The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **April 24, 2008,** and issue summons to defendant Gensler if not filed.

4) Plaintiff's request for the appointment of counsel is denied without prejudice to reassertion.

5) Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 26th day of March, 2008.

BY THE COURT:

/s/ Lyle E. Strom

---
LYLE E. STROM, Senior Judge
United States District Court