```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

HENRY WEBB,                    )
                               )
               Plaintiff,      )         8:07CV495
                               )
        v.                     )
                               )
UNKNOWN GENSLER, DR., Medical  )         MEMORANDUM AND ORDER
of Douglas County Jail, and    )
DOUGLAS COUNTY JAIL, Omaha,    )
and D&E,                       )
                               )
               Defendants.     )
                               )
```

On May 9, 2008, the Court entered an order requiring plaintiff to consolidate his claims into a third amended complaint (Filing No. 19). Plaintiff filed his Third Amended Complaint on May 15, 2008 (Filing No. 20). The Court must now review the Third Amended Complaint and determine whether service of process is warranted.

As set forth in the Court's March 26, 2008, Memorandum and Order, plaintiff's claims against defendant Gensler may proceed (Filing No. 14 at CM/ECF p. 5). However, despite his many opportunities in which to do so, plaintiff has not alleged any municipal policy or custom which caused his injuries. *See Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Plaintiff has therefore failed to state a claim upon which relief may be granted as to defendant Douglas County Jail and the claims

against Douglas County Jail will be dismissed.  Plaintiff's allegations against defendant "D&E" are also insufficient. Plaintiff's Third Amended Complaint does not contain any allegations regarding what "D&E" is, any conduct committed by "D&E," or whether "D&E" is a Douglas County, Nebraska, entity. In light of these failures, the claims against defendant "D&E" will be dismissed for failure to state a claim upon which relief may be granted.  Accordingly,

IT IS ORDERED:

1.   Plaintiff's claims against defendants Douglas County Jail and "D&E" are dismissed without prejudice.

2.   Plaintiff's claims against defendant Gensler may proceed and service is now warranted as to those claims only.

3.   To obtain service of process on defendant Gensler, plaintiff must complete and return the summons form which the clerk of the court will provide.  The clerk of the court shall send one (1) summons form and one (1) USM-285 form to plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court.  In the absence of the forms, service of process cannot occur.

4.   Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the Third Amended Complaint, to the U.S. Marshal for service

of process.  The Marshal shall serve the summons and Third Amended Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The clerk of the court will copy the Third Amended Complaint, and plaintiff does not need to do so.

     5.   Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

     6.   Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

     7.   The clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "November 7, 2008:  Check for completion of service of summons."

     8.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times

while this case is pending.  Failure to do so may result in dismissal.

        DATED this 14th day of July, 2008.

                              BY THE COURT:

                              /s/ Lyle E. Strom

                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court