IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENRY WEBB, ) | |
| ) | |
| Plaintiff, ) | 8:07CV495 |
| ) | |
| v. ) | |
| ) | |
| UNKNOWN GENSLER, DR., Medical ) | MEMORANDUM OPINION |
| of Douglas County Jail, and ) | |
| DOUGLAS COUNTY JAIL, Omaha, ) | |
| and D&E, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendant's motion to dismiss (Filing No. 34). Also pending are several motions filed by plaintiff. The motion to dismiss will be granted, and plaintiff's motions will be denied.

## I.   *BACKGROUND AND SUMMARY OF THIRD AMENDED COMPLAINT*

Plaintiff Henry Webb ("Webb") was incarcerated at the Douglas County Correctional Center ("DCC") beginning on December 11, 2007 (Filing No. 1 at CM/ECF p. 5). Approximately fifteen days later, Webb filed this action. However, on December 21, 2007, Webb was transferred out of the DCC to a Nebraska Department of Corrections facility (Filing Nos. 7, 9, and 10). After his transfer, Webb filed several documents purporting to amend his claims (Filing Nos. 12, 15, 16, and 18). Noting that plaintiff's claims were not consolidated into one document and that service would be difficult unless the claims were

consolidated, the Court entered a Memorandum and Order directing Webb to consolidate his claims (Filing No. 19). In addition, the Court specifically cautioned Webb that "he should not take this opportunity to further amend his claims or add parties. The Court does not grant plaintiff leave to do so. Rather, aside from consolidating all claims against all defendants which have not previously been dismissed, no other amendments will be permitted." (*Id.* at CM/ECF p. 2.)

On May 15, 2008, Webb filed his third amended complaint (Filing No. 20). The Court reviewed the third amended complaint and determined that Webb's claims against defendant Unknown Gensler ("Gensler") could proceed to service but that he failed to state a claim upon which relief may be granted as to any other defendant (Filing No. 22). For purposes of the motions currently before the Court, and in accordance with NECivR 15.1, the third amended complaint "supersedes the pleading amended in all respects." Thus, only the claims against Gensler contained in the third amended complaint will be considered.

The allegations of the third amended complaint relate almost entirely to the medical care Webb received *after* he was transferred out of the DCC, and out of Gensler's care (Filing No. 22). In total, Webb was incarcerated at the DCC for approximately 10 days. Webb alleges that, prior to his incarceration, he was diagnosed with numerous medical conditions

including asthma, bi-polar disorder, sleep apnea, and diabetes (Filing No. 20 at CM/ECF pp. 1-2). In addition, Webb was in a car accident in June of 2007 and was injured (*Id.* at CM/ECF p. 1). To treat his medical conditions, Webb was taking various prescription medications and used medical devices such as a sleep machine, neck brace, foot brace, and back brace (*Id.* at CM/ECF pp. 1-2). The only allegations in the third amended complaint relating to Gensler are that Webb "requested medical treatment for all" his illnesses but that his "request for help" was unanswered and he received no help from Gensler (*Id.* at CM/ECF p. 2).

## II.      PLAINTIFF'S PENDING MOTIONS

Pending before the Court are plaintiff's motion to appoint counsel (Filing No. 28), motion to amend (Filing No. 29), and motion for factual basis for attorney appointment of counsel (Filing No. 32). Webb's motion to appoint counsel is his second request for counsel. As the Court has previously informed plaintiff, the Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation

omitted).  No such benefit is apparent here.  The request for the appointment of counsel will be denied.

In his motion to amend and motion for factual basis, plaintiff seeks to amend his claims for the sixth and seventh time.  Plaintiff's proposed amended complaint seeks to both add additional defendants and add allegations against Gensler. Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend] when justice so requires."  The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.  In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Id.*

However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements.  See *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas*

-4-

*State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several . . . additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters . . . which could not have been raised initially"). Accordingly, "[a]t some point in time delay on the part of a plaintiff can be procedurally fatal. In that situation, the plaintiff must meet the burden of showing that the delay 'was due to oversight, inadvertence, or excusable neglect[.]'" *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Frank Adam Electric Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)).

Here, Webb has already amended his claims five times, twice at the direction of the Court (Filing Nos. 12, 15, 16, 18 and 20). This matter has been pending for nearly a year. These late-tendered amendments relating to Gensler were known to plaintiff at the outset and during the pendency of this case. Any further amendment at this stage of the proceedings would be futile.[1]

---

[1] As set forth below, even if Webb was allowed to add the allegations against Gensler contained in these motions, the allegations still fail to state a claim upon which relief may be granted.

*III.    GENSLER'S MOTION TO DISMISS*

    **A.   Standard of Review**

The standard on a motion to dismiss is the same as that previously applied on initial review of the complaint in this matter. Where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

    **B.   Plaintiff's Eighth Amendment Claim**

Gensler argues that he is entitled to dismissal because Webb fails to state an Eighth Amendment claim upon which relief may be granted (Filing No. 35 at CM/ECF pp. 4-5). The Court agrees. To sustain a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must allege and show that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394 (8th Cir. 2007). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").

A "serious" medical need must be either obvious to a layperson or supported by medical evidence, such as a physician's diagnosis. *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). Further, the failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the

-7-

condition created an excessive risk to the inmate's health and then failed to act on that knowledge.  As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment."  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted).

      While the Court seriously doubts whether Webb has set forth enough allegations to show that his medical needs were serious, his submissions also do not support an allegation of "deliberate indifference" on the part of Gensler.  Plaintiff's allegations fail even under the most liberal construction because the third amended complaint does not contain any factual allegations against Gensler.  Indeed, the claim of "deliberate indifference" is a single conclusory statement that Webb requested medical treatment for all of his illnesses, but that Gensler did not help him (Filing No. 20).  In addition, Webb's own pleadings contradict these allegations.  For instance, in his response to the motion to dismiss, Webb states that Gensler treated him and prescribed high blood pressure medication for him (Filing No. 37 at CM/ECF p. 1).  Webb repeats this allegation in another recent filing, noting that he asked Gensler for specific treatment that he received while "on the streets," but that Gensler refused (Filing No. 32 at CM/ECF p. 3).  Webb alleges

-8-

that Gensler told him that he "had no rights" to this treatment because he was a prisoner.  (*Id.*)  Taking all of these allegations as true, there is nothing in the record which alleges or indicates that plaintiff's medical conditions were deliberately disregarded or ignored by Gensler in the ten days he was incarcerated at the DCC.

At best, Webb's allegations consist of disagreement with Gensler's treatment of his multiple illnesses and conditions.  However, "disagreement with a medical judgment," is not enough to sustain an Eighth Amendment claim.  *Davis*, 992 F.2d at 153 (8th Cir. 1993).  Plaintiff has no right to a "requested course of treatment," and his claims against Gensler will be dismissed.  However, because plaintiff may have state law claims for medical malpractice, the Court will dismiss plaintiff's claims without prejudice to reassertion in the proper forum.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of December, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court